WILLIAM WEBSTER, RESPONDENT, *v*. HENRY L. FISH, APPELLANT.

INJUNCTION TOO LATE TO RESTRAIN ACT ALREADY DONE. Warrants already issued by a County Auditor are beyond the reach of an injunction suit brought to restrain him from issuing such warrants.

COUNTY WARRANTS ISSUED NOT AFFECTED BY SUBSEQUENT INJUNCTION. An injunction, to restrain the issuance of warrants by a County Auditor, cannot affect parties interested in warrants already issued by him.

DISTINCTNESS OF COUNTY FUNDS — ISSUANCE OF COUNTY WARRANTS. The mere fact that a creditor, having a right of payment out of the " General Fund " of a county, may have a right to enjoin the County Auditor from issuing warrants in favor of others against such fund, does not give him a right to restrain the Auditor from issuing warrants against other funds.

CONSTRUCTION AND REPAIR OF ROADS AND BRIDGES—POWERS OF COUNTY COMMISSIONERS AND AUDITOR. Under the Act of 1865, relating to the apportionment of county revenues, (Stats. 1864–5, 376) it is within the power of County Commissioners to authorize the payment of indebtedness incurred in the construction or repair of public roads and bridges, out of the " General Fund," and that of the County Auditor to draw warrants thereon for such indebtedness.

CONSTRUCTION OF STATUTES—" GENERAL FUND " OF COUNTY. Under the Act of 1865, relating to the apportionment of county revenues, (Stats. 1864–5, 376) the cost of the construction and repair of public roads and bridges may properly be considered such county expenditures as may be met by moneys in the " General Fund " of the Court.

APPEAL from the District Court of the Third Judicial District, Washoe County.

Webster *v.* Fish.

Webster, the plaintiff, was the District Attorney of Washoe County, and as such held scrip and evidences of indebtedness against the " General Fund " of the county. As such holder, he commenced this suit against the defendant, Fish, who was County Auditor, to enjoin him from drawing the warrants referred to in the opinion. The Court below granted a perpetual injunction, " the auditing of the claims on the several funds hereinafter named, [naming the several claims allowed to the amount of over six thousand dollars] being, in the judgment of the District Court, illegal and without authority of law."

*Robert M. Clarke,* for Appellant.

The County Commissioners have power in their respective counties to lay out, control, and manage public roads and . bridges, and to make such orders as may be necessary to carry their control and management into effect. (Stats. 1864–5, 259, Sec. 8, Par. 4 ; Stats. 1866, 252, Sec. 2.) They also have power to settle and allow all accounts legally chargeable against the county. (Stats. 1864–5, 258, Sec. 8, Par. 2.)

The power to pay for material furnished and work done in constructing bridges or repairing roads is a necessary incident to the power to manage and control.

The several county funds, as created by law, are : 1st, General ; 2d, Contingent ; 3d, Indigent Sick. All the moneys coming into the county treasury must be apportioned to these funds. (Stats. 1864–5, 376.) Clearly, under general law, the claims in suit, if payable at all, must be paid out of either the General or Contingent funds.

The plaintiff's claims are against the General Fund, and having no demand against the Contingent Fund, are in no sense damaged or prejudiced by warrants drawn on that fund.

The provision (Stats. 1866, 252, Sec. 3) which provides that the Commissioners may levy a tax not exceeding " one-fourth of one per cent.," etc., is directory. If the Commissioners do not see proper to levy the tax, or if, when levied, prove it insufficient, the Commissioners may draw upon or use other moneys to pay the necessary expenses of constructing or repairing roads and bridges. The Act

(Stats. 1867, 68) providing for the creation of road districts, election of Supervisors, and levy and collection of four dollars poll tax for road purposes, does not affect this case.

*J. H. Flack*, for Respondent.
[No brief on file.]

By the Court, JOHNSON, J.:

The Board of Commissioners of Washoe County, from February 3d, to July 9th, 1868, allowed a number of claims as charges against said county, for work performed and materials furnished in the repair of public roads and bridges situated therein; and authorized and directed warrants therefor to be drawn against certain funds, known respectively as the "General Fund," "Contingent Fund," and "Road District Fund, No. 9," the fund out of which each claim was to be paid, being specified. In due course these claims were audited by the County Auditor, in accordance with the directions of the Board, and the warrants in part drawn and paid, when, on the thirtieth of July, 1868, the plaintiff in this case brought an action in the proper Court to enjoin the issuance of warrants on all of these claims. The only grounds stated in the complaint on which such action can be considered are, that certain moneys were, by the order of such Board, placed in these funds; that warrants drawn thereon were payable in the order they were allowed; that the plaintiff was a creditor of such county, evidenced by certain other warrants drawn against the "General Fund," but of later date than the first named claims, whereby the payment of his demands against the county would be postponed to a much later time, to his great injury and damage. A demurrer to the complaint was interposed on behalf of defendant, for the reason that the facts stated did not constitute a sufficient cause of action. This demurrer was overruled, and defendant declining to make answer, final judgment was rendered against him, with an order enjoining and restraining the issuance of warrants on any of these claims.

Defendant appeals to this Court from the judgment and order. It is manifest that the pleading does not under any just view of the case support in full the judgment and order. The warrants which

had been issued before suit was commenced and notice thereof, were beyond the reach of such process, but inasmuch as this part of the decree and order was perfectly harmless and could in no wise affect the parties in interest, we perhaps would not consider it necessary to interfere, provided this was the only error apparent from the record.

As before stated, a portion of the claims allowed by the Board, for which warrants had been and were proposed to be issued by the Auditor, were against funds other than the "General Fund," whilst the warrants held by plaintiff called for payment out of the "General Fund" only. It is in no manner shown that the issuance of warrants against the two other funds would in the least degree impair the value of his securities, or postpone the time of their payment. Plaintiff's only interest in the matter, at best, is in protecting the "General Fund," and to extend the order beyond this was error.

In passing upon the next and only remaining question, we must likewise be restricted to the matters embraced in the record of the case, whether upon the facts therein relied on, warrants might lawfully be drawn on the "General Fund" for county indebtedness incurred in the construction or repair of public roads and bridges. Aided by the brief of appellant's counsel, there being no appearance in this Court on behalf of respondent, we have looked into the several statutes of this State regulating the duties and powers of Boards of County Commissioners in connection with this subject, and conclude that it was within the power of the Board to authorize the payment, and for the County Auditor to draw warrants on the "General Fund" for such indebtedness. The law (Stats. 1864–5, 376, Sec. 1) requires "Boards of County Commissioners in the several counties of this State, to apportion all the moneys coming into the county treasury, or so much thereof as is not by law set aside into special funds, as follows: two-thirds shall go into the General County Fund."   *   *   *

The purposes of this fund, or the objects of county expenditure to which it shall be applied, are nowhere defined by our law; and being thus undefined, except so far as the usual signification and meaning of the words import, we are of the opinion that public

roads and bridges may properly be considered such county expenditures as may be met by moneys in the " General Fund," and, consequently, warrants might be lawfully drawn thereon for such purposes. Whether such appropriation of moneys in the " General Fund" would be authorized, in case it was shown that taxes had been collected for road purposes under either the general road law or the Act authorizing the levy and collection of a special tax, we do not pass on now, as the matters stated in the pleading in no way raise any such issue.

Judgment and order reversed, with directions to the Court below to dismiss the case.